Wander Correa Da Costa BRAGA; Magali Abate, Plaintiffs–Appellants,

v.

Christina POULOS, Director of the California Service Center of United States Citizenship and Immigration Services Emilio Gonzalez, Director of the USCIS; United States Citzenship and Immigration Services; Robert P. Wiemann Director Administrative Appeals Office; Michael Chertoff Secretary, United States Department of Homeland Security, Defendants–Appellees.

No. 07–56379.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2008.[*]

Filed March 9, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert C. Marton, Esquire, Pasadena, CA, for Plaintiffs–Appellants.

David J. Kline, Esquire, U.S. Department of Justice, Elizabeth J. Stevens, Assistant Director, Office of Immigration Litigation, Washington, DC, for Defendants–Appellees.

Before: PREGERSON, D.W. NELSON and THOMPSON, Circuit Judges.

MEMORANDUM **

Wander Correa Da Costa Braga ("Braga") appeals the district court's summary judgment in favor of the United States Citizenship and Immigration Services ("USCIS"). The USCIS denied Braga's visa petition seeking classification as an alien with extraordinary ability as a Brazilian Jiu–Jitsu athlete and instructor. Braga challenges the underlying agency decision as arbitrary, capricious, and an abuse of discretion. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The agency found that Braga did not qualify as an alien with extraordinary ability under 8 U.S.C. § 1153(b)(1)(A) because he failed to establish that he had either: (1) received a major, internationally recognized award, or (2) met three of the ten qualifying criteria set forth in the regulations. 8 C.F.R. § 204.5(h)(3). The district court agreed and concluded that the agency's findings were supported by substantial evidence in the record.

Braga only appeals the first part of the district court's decision. He argues that his silver medal at the 2003 Pan–American Jiu–Jitsu Championship qualifies as a major, internationally recognized award within the meaning of 8 C.F.R. § 204.5(h)(3).

Braga introduced ample evidence that he received this award, but he failed to introduce any evidence of the award's– or the tournament's–significance. Braga asserts that this is a "major, internationally recognized award" within his field, but absent supporting evidence in the record, these bare assertions do not satisfy Braga's burden of proof. 8 U.S.C. § 1153(b)(1)(A).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

682

The judgment of the district court is **AFFIRMED.**

PREGERSON, J., dissenting:

I dissent. Braga and his wife, whose immigrant petition is derivative of Braga's, are both natives and citizens of Brazil. Braga and his wife have two young United States-born citizen children. Braga is an expert in the field of Brazilian Jiu–Jitsu. According to the district court's unpublished order, "Brazilian Jiu–Jitsu was developed and popularized by members of the Gracie family in Brazil within the last 50 years or so, based on Japanese martial arts." Braga won a silver medal at the Pan American Jiu–Jitsu Championships in 2003. That medal is one of the highest honors an athlete can win in the field of Brazilian Jiu–Jitsu. Braga is also a mixed martial arts champion. The Ultimate Fighting Championships, a mixed martial arts competition for high-level professional fighters, offered Braga a three-fight deal based on his abilities. Braga is also a No Holds Barred fighting champion, and has amassed a number of regional and international martial arts fighting awards. Braga also serves as a head instructor of Brazilian Jiu–Jitsu and as a teacher of defense tactics to law enforcement.

As is relevant here, the USCIS, however, found that Braga did not qualify as an alien with extraordinary ability under 8 U.S.C. § 1153(b)(1)(A) because he failed to establish that he had received a major, internationally recognized award within the meaning of 8 C.F.R. § 204.5(h)(3).

I agree with the district court that USCIS's legal analysis set a restrictively high standard for "extraordinary ability" and was contrary to law. But I do not agree with the district court and USCIS's conclusion that the evidentiary material submitted by Braga was insufficient to support his claim that the silver medal he earned at the Pan American Jiu–Jitsu Championship was a qualifying award. The evidentiary material in the form of letters of support from other experts explains the extraordinary importance of Braga's silver medal in Brazilian Jiu–Jitsu and the extraordinary ability he demonstrated in earning that award. Accordingly, I would reverse.